<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

MORGAN TRUCK BODY, LLC,                )
                                       )        Civil Action
                                       )        No. 12-CV-06036
                      Plaintiff        )
                                       )
          vs.                          )
                                       )
FREDRICKSON DISTRIBUTION LLC,          )
                                       )
                      Defendant        )
                                       )
     and                               )
                                       )
RICHARD BACON,                         )
                                       )
                      Defendant        )

                        *   *   *

                    **O P I N I O N**

JAMES KNOLL GARDNER
United States District Judge

          The matter before the court is Defendant's Motion to

Dismiss Plaintiff's Second Amended Complaint, which motion was

filed on November 23, 2012.[1]  For the reasons expressed below,

Defendants' Motion to Dismiss is denied.

---

          [1]     The within motion was accompanied by a Memorandum of Law in
Support of Defendants Fredrickson Distribution LLC and Richard Bacon's Motion
to Dismiss Plaintiff's Second Amended Complaint ("Defendants Memorandum") and
a letter dated December 21, 2010 from Randy Jenkins, Vice-President of
Strategic Corporate Sourcing, Morgan Corporation, to Mr. Rick Bacon,
Fredrickson Distribution.

          On December 6, 2012, plaintiff filed its Memorandum of Law in
Opposition to Defendants' Motion to Dismiss Plaintiff's Second Amended
Complaint ("Plaintiff's Memorandum").

JURISDICTION

Jurisdiction in this matter is proper pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000.00, and is between citizens of different states.[2]

VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to the plaintiff's claims allegedly occurred within this district.

PROCEDURAL HISTORY

On October 22, 2012, plaintiff Morgan Truck Body, LLC, initiated this action by filing in this court its Complaint against defendants Fredrickson Distribution, LLC and Richard Bacon which asserts a common law breach of contract claim against each defendant.  On October 25, 2012 plaintiff filed its Amended Complaint.

---

[2]     Plaintiff Morgan Truck Body, LLC ("Morgan LLC"), doing business as Morgan Corporation, is a Delaware limited liability company with its principal place of business in Morgantown, Berks County, Pennsylvania.  Morgan LLC's members are J.B. Poindexter & Co., Inc., a Delaware corporation with its principal place of business in Texas; Stephen Magee, a natural person and citizen of Texas; and John B. Poindexter, a natural person and citizen of Texas.

    Defendant Fredrickson Distribution, LLC ("Fredrickson LLC") is a Washington limited liability company with its principal place of business in Ridgefield, Washington.  Fredrickson LLC's members are defendant Richard Bacon, a natural person and citizen of Washington; and Theresa Bacon, a natural person and citizen of Washington.

    Accordingly for the purposes of diversity jurisdiction, plaintiff is a citizen of Delaware and Texas, and each defendant is a citizen of Washington.  Thus, complete diversity of citizenship exists.

The Amended Complaint was dismissed without prejudice for plaintiff to file a Second Amended Complaint properly pleading the grounds upon which this court's jurisdiction depends.[3]   On November 7, 2012 plaintiff filed the operative Second Amended Complaint, which properly pleads the grounds upon which this court's jurisdiction depends.

On November 23, 2012 defendants filed the within motion to dismiss.  Plaintiff filed its memorandum in opposition to the within motion on December 6, 2012.

Hence this Opinion.

<u>STANDARD OF REVIEW</u>

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion requires the court to examine the sufficiency of the complaint.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Generally, in ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of public record, including other judicial proceedings.  <u>Sands v. McCormick</u>, 502 F.3d 263, 268 (3d Cir. 2008).

---

[3]     Order of the undersigned dated October 26, 2012 and filed November 2, 2012.

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief". Rule 8(a)(2) does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Twombly, 550 U.S. at 570, 127 S.Ct. at 1974, 167 L.Ed.2d at 949.[4]

In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Fowler, 578 F.3d at 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately

---

[4]      The Supreme Court's Opinion in Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 887 (2009), states clearly that the "facial plausibility" pleading standard set forth in Twombly applies to all civil suits in the federal courts.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

This showing of facial plausibility then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged", and that plaintiff is entitled to relief.  Fowler, 578 F.3d at 210 (quoting Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949, 173 L.Ed.2d at 884).

prevail on the merits.  Phillips, 515 F.3d at 231.  Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."  Id. at 234 (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940) (internal quotations omitted).

The court is required to conduct a two-part analysis when considering a Rule 12(b)(6) motion.  First, the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted.  Fowler, 578 F.3d at 210.  Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded.  Id. at 210-211.

Second, the court must determine whether those factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief."  Id. at 211 (quoting Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950, 178 L.Ed.2d at 884).

Ultimately, this two-part analysis is "context-specific" and requires the court to draw on "its judicial experience and common sense" to determine if the facts pled in the complaint have "nudged [plaintiff's] claims" over the line from "[merely] conceivable [or possible] to plausible."  Iqbal, 556 U.S. at 679-680, 129 S.Ct. at 1949-1951, 178 L.Ed.2d at 884-885.

A well-pled complaint may not be dismissed simply because "it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940-941 (internal quotations omitted).

<u>FACTS</u>

Based on the averments in plaintiff's Second Amended Complaint, which I must accept as true under the applicable standard of review discussed above, the pertinent facts are as follows.

Plaintiff, Morgan Truck Body, LLC ("Morgan LLC" or "Morgan") is in the business of manufacturing and installing truck bodies onto truck chassis purchased from other manufacturers. Morgan LLC's business relies on "a worldwide supplier system to source the materials used in that business."[5]

Because of scarce supply and unfavorable tariffs levied upon Morgan LLC's particular suppliers, Morgan treats information about its suppliers and its supplier list as confidential. The development, maintenance, and continued use of Morgan's supplier network provides plaintiff with a significant competitive advantage over its competitors in the truck manufacturing and assembly business.[6]

---

[5]    Second Amended Complaint at ¶ 7.

[6]    Id. at ¶ 7.

Defendant Fredrickson Distribution, LLC ("Fredrickson LLC" or "Frederickson") is in the business of importing and distributing industrial products.  Fredrickson LLC often does business with other firms that supply the types of materials used by Morgan LLC.  Defendant Richard Bacon is the President of Fredrickson LLC.[7]

Following the formation of a business relationship between Morgan LLC and Fredrickson LLC,[8] Morgan and Fredrickson entered into a written Confidentiality and Non-Disclosure Agreement ("Non-Disclosure Agreement").[9]  The business relationship between the Morgan LLC and Fredrickson LLC required Morgan LLC to disclose certain confidential information, such as its supplier lists, to Fredrickson LLC.

The Non-Disclosure Agreement permitted such disclosures to Fredrickson LLC in limited circumstances and held Fredrickson LLC liable if such disclosures were relayed to third parties, namely Morgan LLC's competitors, without Morgan's express

---

[7]     Second Amended Complaint at ¶¶ 8 and 12.

[8]     The precise nature of the underlying business relationship is not clear from the Second Amended Complaint, but it can be reasonably inferred from paragraphs 7 through 9 of the Second Amended Complaint that Morgan LLC contracted with Fredrickson LLC to import materials from Morgan LLC's worldwide suppliers.

[9]     Exhibit A to plaintiff's Second Amended Complaint, Confidentiality and Non-Disclosure Agreement ("NDA").

permission.[10]  Mr. Bacon signed the Non-Disclosure Agreement in

his representative capacity as President of Fredrickson LLC.[11]

The relevant language of the Non-Disclosure Agreement

is as follows:

1.   Definitions

(a)  "Authorized Use" shall mean Recipient[12] shall
use the Confidential Information solely for
the purpose to evaluate and engage in
discussions concerning a potential business
transaction and/or relationship between
Recipient and Morgan.

(b)  "Confidential Information" shall mean all
information disclosed by Morgan, whether in
oral, written, or other tangible form.
Confidential information includes, without
limitation,...names of customers, suppliers,
employees and agents....

(c)  Notwithstanding anything contained herein to
the contrary, "Recipient" shall be construed
to include the Recipient and its employees.

***

2.   Use of Confidential Information

(a)  Recipient acknowledges that it is given
access to the Confidential Information solely
for the Authorized Use.  Recipient agrees...
(iv) not to, directly, indirectly, disclose,
divulge, reveal, report or transfer such
Confidential Information to employees of
Recipient, except to those employees who are
required to have the information in order to
accomplish the Authorized Use, who agree to

---

[10]    Second Amended Complaint at ¶ 9.

[11]    See Non-Disclosure Agreement at page 5.

[12]    Throughout the Non-Disclosure Agreement, "Recipient" refers to
defendant Fredrickson LLC.  Non-Disclosure Agreement at page 5.

keep such information confidential, and who
are provided with a copy of this letter
agreement and agree to be bound by the terms
thereof to the same extent as if they were
parties hereto.

                    * * *

(e)     In any event, Recipient agrees to be
        responsible for any breach of this Agreement
        by any of its employees, and agrees at its
        sole expense, to take all reasonable measures
        to restrain its employees from prohibited or
        unauthorized disclosure or use of the
        Confidential Information.

3.      <u>Proprietary Protection</u>.  Recipient acknowledges
        and agrees that in the event of its breach of this
        letter, Morgan would be irreparably and
        immediately harmed and could not be made whole by
        monetary damages....

4.      <u>Return of Confidential Information</u>....
        Notwithstanding the return or destruction of the
        Confidential Information, Recipient will continue
        to be bound by its obligations of confidentiality
        and other obligations hereunder.

                    * * *

11.     <u>Amendments</u>.  The Agreement may be modified or
        waived only be a separate writing signed both by
        Morgan and by Recipient that expressly modifies or
        waives the Agreement.[13]

Throughout the course of the underlying business

relationship between Morgan LLC and Fredrickson LLC, Morgan

supplied Mr. Bacon with confidential information.  Specifically,

Morgan LLC provided Mr. Bacon with information regarding Morgan's

supplier network.[14]  Subsequently, that confidential information,

---

[13]     Non-Disclosure Agreement at pages 1 though 5.

[14]     <u>Id.</u> at page 5; Second Amended Complaint at ¶ 12.

specifically information about its suppliers, was disclosed to Morgan LLC's competitors.[15]

Morgan LLC invested "hundreds of thousands of dollars in man-hours and costs developing its supplier network" and supplier lists.[16]  The disclosure of Morgan LLC's supplier information caused Morgan LLC to lose a competitive advantage over those rival firms.[17]

### CONTENTIONS OF THE PARTIES

#### Defendants' Contentions

Defendants contend that plaintiff's Second Amended Complaint fails to state a claim for common law breach of contract against either Fredrickson LLC or Mr. Bacon.

With respect to the claim against Mr. Bacon, defendants contend that Mr. Bacon signed the Non-Disclosure Agreement in his representative capacity as President of Frederickson LLC, and that the Second Amended Complaint does not aver sufficient facts to state a plausible claim of personal liability against Mr. Bacon for any alleged breach of the Non-Disclosure Agreement.

Concerning the claim against Fredrickson LLC, defendants contend that the Second Amended Complaint fails to adequately plead the existence of an enforceable contract,

---

[15]    Second Amended Complaint at ¶ 13.

[16]    Id. at ¶ 7.

[17]    Id. at ¶ 13.

identify the manner of the alleged breach, and sufficiently plead damages.  For those reasons, defendants move the court to dismiss the Second Amended Complaint with prejudice.

### Plaintiff's Contentions

Plaintiff Morgan LLC disputes each of defendants' contentions.  Specifically, Morgan LLC contends that Mr. Bacon is personally liable under the express terms of the Non-Disclosure Agreement, notwithstanding Morgan LLC's concession that Mr. Bacon did not sign the Non-Disclosure Agreement in his individual capacity.

Plaintiff further contends that its Second Amended Complaint adequately pleads the existence of an enforceable contract, the nature and manner of the breach, and damages.

### DISCUSSION

It is a fundamental tenet of contract law that one who is not a party to a contract cannot be liable for breach of that contract.  Electron Energy Corporation v. Short, 408 Pa.Super. 563, 567, 597 A.2d 175, 177 (1991).

Moreover, when a contract is signed by an agent of a disclosed principal, "there exists a strong presumption that it is the intention of the contracting parties that the principal

- 11 -

and not the agent should be a party to the contract."[18]  Viso v. Warner, 471 Pa. 42, 48, 369 A.2d 1185, 1188 (1977).

Furthermore, when an agent acts on behalf of a disclosed principal,[19] the agent is not liable on a contract between the principal and a third party "unless the agent specifically agrees to assume liability."  In re Estate of Duran, Jr., 692 A.2d 176, 179 (Pa.Super. 1997).

If the source of an agent's personal liability is the language of the contract itself, the opposing party bears the burden to "point to specific provisions indicating [the agent's] assent to become individually liable...."  Dodson Coal Co. v. Delano, 266 Pa. 560, 565, 109 A. 676, 677 (1920).

When the language of a contract is clear and unambiguous, "the intent [of the parties] is to be found only in the express language of the agreement."  Krizovensky v. Krizovensky, 425 Pa.Super. 204, 211, 624 A.2d 638, 642 (1993). However, where the contract or provision is "reasonably or fairly susceptible of different constructions and is capable of being understood in more senses than one and is obscure in meaning

---

[18]     Morgan LLC does not dispute that Mr. Bacon signed the Non-Disclosure Agreement as President of Fredrickson LLC and not as an individual. Nor does Morgan LLC claim that Mr. Bacon's personal liability requires the court to pierce the corporate veil.

[19]     It is undisputed that Fredrickson LLC is a disclosed principal. The first page of the Non-Disclosure Agreement refers to "Fredrickson Distribution LLC" by name, the signature page of the Non-Disclosure Agreement clearly labels Fredrickson LLC as the "Recipient," and it expressly states that the signatory "Must be an Authorized Representative of Recipient."  Non-Disclosure Agreement at pages 1 and 5.

through indefiniteness of expression or has a double meaning,"
the contract or provision is ambiguous and the court may look to
extrinsic evidence.  Krizovensky, 425 Pa.Super. at 211-12,
624 A.2d at 642.

Although differing interpretations of a contractual
provision will not automatically render the contract or provision
ambiguous, Krizovensky, 425 Pa.Super. at 212-13, 624 A.2d at
643, I conclude that the Non-Disclosure Agreement is ambiguous to
the extent that it is unclear to whom an employee of Fredrickson
LLC is creating a binding agreement.

### Defendant Fredrickson Distribution, LLC

Defendants contend that plaintiff's Second Amended
Complaitn fails to sufficiently plead a breach of contract claim
against Frederickson LLC.  Plaintiff contends that it has
sufficiently pled such a claim.

Under Pennsylvania law, a properly plead breach of
contract claim requires three elements: "(1) the existence of a
contract, including its essential terms; (2) a breach of a duty
imposed by the contract; and (3) resultant damages."  J.F. Walker
Co., Inc. V. Excalibur Oil Group, Inc., 792 A.2d 1269, 1272
(Pa.Super. 2002)(internal quotations omitted).

### *Existence of a Contract*

Defendants contend that the letter dated December 21,
2010 from Randy Jenkins, Vice-President of Strategic Corporate

Sourcing for plaintiff Morgan LLC, to Mr. Bacon, expressing
Morgan LLC's intent to terminate a Brokerage Agreement between
Morgan LLC and Fredrickson LLC effective January 15, 2011,
alleviated any and all of Fredrickson LLC's obligations to
Morgan LLC beyond January 15, 2011.[20]

By attaching the December 21, 2010 letter in support of
their within motion to dismiss, defendants have presented matters
outside the pleadings.  Neither the December 21, 2010 letter, nor
the Brokerage Agreement itself, is expressly referred to in, or
attached to, the Second Amended Complaint.

Federal Rule of Civil Procedure 12(d) states:

> If, on a motion under Rule 12(b)(6) or 12(c),
> matters outside the pleadings are presented
> to and not excluded by the court, the motion
> must be treated as one for summary judgment
> under Rule 56.  All parties must be given a
> reasonable opportunity to present all the
> material that is pertinent to the motion.

Fed.R.Civ.P. § 12(d).

Because neither party has requested that the within
motion be converted to a motion for summary judgment, I have not
converted the within motion to a motion for summary judgment and
do not rely on the letter in my disposition of the within motion
to dismiss.

Nonetheless, I note that even if the December 21, 2010
letter were considered, defendants' argument remains unavailing

---

[20]    Defendants' Memorandum at page 6; See December 21, 2010 letter
titled "RE. Brokerage Agreement dated August 5, 2009".

because the Brokerage Agreement and the Non-Disclosure Agreement appear to be separate agreements.  First, the December 21, 2010 letter makes no reference to termination of the Non-Disclosure Agreement.  Second, the Non-Disclosure Agreement and the Brokerage Agreement were entered into on different dates (May 28, 2009, and August 5, 2009, respectively).  Finally, the express terms of the Non-Disclosure Agreement state that Fredrickson LLC will continue to be bound by the Non-Disclosure Agreement after the confidential information is returned to Morgan LLC, or is destroyed.

Accordingly, defendants' argument (that plaintiff fails to plead the existence of a contract because the Brokerage Agreement (not the Non-Disclosure Agreement on which plaintiff sues) between Morgan LLC and Fredrickson LLC was terminated effective January 15, 2011 and that plaintiff does not plead the date of the disclosure of its confidential information) is unavailing.

*Breach*

Next, defendants assert that Morgan LLC failed to plead sufficient facts to establish a plausible breach of the Non-Disclosure Agreement.  Although plaintiff's Second Amended Complaint is somewhat short on specifics, Federal Rule of Civil Procedure 8(a)(2) requires notice pleading rather than the heightened standard associated with fact pleading.

- 15 -

The Non-Disclosure Agreement lists, at length, the types of information deemed confidential under that agreement. Plaintiff's Second Amended Complaint singles out "the names of Morgan [LLC]'s suppliers" as the type of confidential information alleged to have been improperly disseminated.

Moreover, in paragraph 7 of the complaint, plaintiff speaks directly to why its supplier lists are so highly coveted and deemed to be confidential.  Specifically, plaintiff avers that it has spent hundreds of thousands of dollars developing its supplier network which provides it with a competitive advantage over its competitors.

Furthermore, defendant's memorandum reflects on, and alludes to, an understanding that plaintiff's claim or breach is based on Fredrickson LLC's alleged dissemination of Morgan LLC's supplier lists.  In short, defendants have notice of the allegations against them.

Accordingly, defendant's within motion is denied to the extent that it seeks to dismiss plaintiff's breach of contract claim against Fredrickson LLC based upon plaintiff's failure to sufficiently plead, and provide notice of, the alleged breach.

*Damages*

Lastly, defendants assert that plaintiff has not sufficiently plead damages.  Plaintiff claims damages for "lost

competitive advantages, diminished supplies to make its products, and consequent lost sales."[21]

In arguing that plaintiff's Second Amended Complaint is inadequate, defendants contend that the pleading lacks facts showing "how [plaintiff] lost competitive advantage," or how disclosure "diminished its supplies to make its products."[22]

Contrary to defendants' assertions, Morgan LLC's averments concerning the scarcity of the materials acquired from its suppliers and the "unfavorable tariffs" levied against those materials, provide support for Morgan's claim of injury.  Morgan LLC avers that the materials it uses in its business are not easily attainable, and, accordingly, Morgan has "invested hundreds of thousands of dollars in man-hours and costs developing its supplier network[,] and...the development, maintenance and continued use of such supplier network provides [plaintiff] with a significant competitive advantage over other entities in the same or similar business as [plaintiff]."[23]

From these arguments, it is reasonable to infer that Morgan LLC will be injured if its supplier list is acquired by a competitor who has not invested the same time, effort, and money in developing a supplier base as has Morgan.  Accordingly,

---

[21]    Second Amended Complaint at ¶ 13.

[22]    Defendants' Memorandum at pages 6-7.

[23]    Second Amended Complaint at ¶ 7.

plaintiff has sufficiently pled damages caused by the alleged breach and defendants' within motion is denied to the extent it seeks to dismiss plaintiff's claim on that ground.

### Defendant Richard Bacon

Defendants contend that plaintiff fails to state a breach of a contract claim against Mr. Bacon because he signed the Non-Disclosure Agreement in his representative capacity and is not, himself, a party to the contract.[24]  Plaintiff contends that it may be reasonably inferred that Mr. Bacon accepted, and agreed to, the confidentiality provisions in the Non-Disclosure agreement when he asked for a received confidential information from Morgan LLC.[25]

Section 2(a) of the Non-Disclosure Agreement states that confidential information may not be provided to Fredrickson LLC's employees unless those employees are ones "who agree to keep such information confidential, and who are provided with a copy of this letter agreement *and agree to be bound by the terms thereof to the same extent as if they were parties hereto.*"[26]

The above quoted language supports a reasonable inference that an officer or employee of Fredrickson LLC must

---

[24]     Defendants' Memorandum at pages 3-4.

[25]     Plaintiff's Memorandum at page 4.

[26]     Non-Disclosure Agreement at ¶ 2 (emphasis added).

- 18 -

agree not to disclose any of Morgan LLC's confidential information before receiving any such confidential information.

Therefore, it is reasonable to infer that Mr. Bacon agreed to handle any of Morgan LLC's confidential information as if he were, himself, a party to the Non-Disclosure agreement, and that his alleged disclosure[27] of such information would violate his agreement.  Accordingly, defendant's argument in favor of its motion to dismiss the claim against Mr. Bacon is unavailing and I deny the within motion to the extent is seeks to dismiss plaintiff's claim against Mr. Bacon.

<u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint is denied.

---

[27]     Second Amended Complaint at ¶ 13.